IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT WILLIAMS, # N-03588            )
                                       )
                 Plaintiff,            )
                                       )
                                       )
vs.                                    )   Case No. 11-cv-1043-MJR
                                       )
C/O M. BAKER, C/O CHEATAM,             )
BARBARA MUELLER,                       )
JEANETTE COWAN, WARDEN GAETZ,          )
and MICHAEL RANDLE,                    )
                                       )
                 Defendants.           )
                                       )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Robert Williams, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a twenty-five year sentence for sexual assault. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The description below is taken from the facts alleged by Plaintiff in his Amended Complaint.

On December 3, 2009, Plaintiff, while handcuffed, attempted to kick another inmate in self-defense. Defendants Baker and Cheatam immediately grabbed

2

Plaintiff, took him down a flight of stairs, and threw him on his back at the bottom of the stairs. Defendant Baker then kneed Plaintiff in his jaw, damaging Plaintiff's lower back tooth. This incident was in retaliation for prior complaints Plaintiff had lodged against Defendant Baker and other correctional officers.

On December 6, 2009, Plaintiff submitted an emergency grievance concerning this incident to Defendant Gaetz, but received no response. Plaintiff waited another month before filing another grievance with Gaetz. Defendant Mueller tampered with this second grievance, falsifying the date so that it would appear to be filed one day beyond the filing deadline. Defendants Cowan and Randle have refused to process or return his original grievance in a conspiracy to cover up the actions of Defendants Baker, Cheatam, Gaetz and Mueller.

Plaintiff requests a declaratory judgment and injunctive relief, in addition to compensatory and punitive damages from each Defendant.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Excessive Force**

Plaintiff claims that Defendants Baker and Cheatam violated his Eighth Amendment rights by using excessive force against him on December 3, 2009. The intentional use of excessive force by prison guards against an inmate without

3

penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

From the facts alleged in Plaintiff's complaint regarding December 3, 2009, it appears that Defendants Baker and Cheatam, at least initially, were exercising force as part of an effort to restore discipline. However, once Defendants Baker and Cheatam had quelled Plaintiff's disorderly conduct, their use of further force (particularly the alleged knee to the jaw) could be viewed as "excessive." Furthermore, while Plaintiff's injured tooth is not dispositive of whether the force was excessive, the fact that Plaintiff's injuries required dental work is at least relevant to the level of force used. Plaintiff has alleged sufficient facts to state a claim that Defendants Baker and Cheatam subjected him to cruel and unusual punishment through their use of force on December 3, 2009. Therefore, this claim shall receive further review.

**Count 2 – Retaliation**

Plaintiff alleges that Defendants Baker and Cheatam used the December 3, 2009, incident as an opportunity to retaliate against him for filing grievances. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the protected activity and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss Plaintiff's retaliation claim against Defendants Baker and Cheatam at this time.

**Count 3 – Due Process**

Plaintiff takes issue with the handling of his grievances by Defendants Gaetz, Mueller, Cowan and Randle. However, "a state's inmate grievance procedures

do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Even if Plaintiff's allegations against Defendants Gaetz, Mueller, Cowan, and Randle are true, they do not rise to the level of a constitutional violation.  Plaintiff's allegation that Mueller tampered with Plaintiff's grievance does not subject Mueller to liability under § 1983.  *See Antonelli,* 81 F.3d at 1430 (citing *Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D.Ill.1982)).

As none of these four Defendants participated in the underlying conduct (excessive force) that prompted Plaintiff to file grievances, Plaintiff has not described any actions that would implicate his Fourteenth Amendment rights.  Furthermore, Plaintiff's assertion that these four Defendants conspired to cover up the December 3, 2009, incident similarly does not support a due process claim.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he

desired).  Therefore, Plaintiff's due process claim for denial / tampering with grievances shall be dismissed without prejudice.

**Pending Motions**

On May 14, 2012, Plaintiff filed a 19-page motion requesting a TRO and preliminary injunction (Doc. 15), to which he attached 39 pages of exhibits (Doc. 15-1). Plaintiff requests that he be transferred to another correctional facility or, in the alternative, that Defendants Baker and Cheatam be assigned to a different cell block.  In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

In his motion, Plaintiff claims that he has been assaulted numerous times by Defendant Baker since filing this lawsuit.  Furthermore, he has allegedly received death threats from this Defendant and been subjected to harassment from other Menard C/O's.  The events described by Plaintiff in this motion occurred at various times, ranging from incidents involving Defendant Baker in June and September 2009 (Doc. 15, p. 6), September 2010 (Doc. 15, p. 3), July and September 2011 (Doc. 15, pp. 8-9),

to a verbal threat made in February 2012 (Doc. 15, pp. 1-2), well after this lawsuit was filed. Additionally, Plaintiff includes several unrelated complaints related to hunger strikes and conflicts with a cellmate, which allegedly took place in January and February 2012 (Doc. 15, pp. 10, 14), also post-dating the filing of the instant complaint.  None of these allegations were included in Plaintiff's operative complaint (Doc. 1), thus they are not properly before the Court.  Because the allegations on which Plaintiff bases his request for injunctive relief are distinct from the claims raised in his complaint, his motion for TRO and preliminary injunction (Doc. 15) is **DENIED** without prejudice.

Plaintiff is **ADVISED** that if he wishes to have these new allegations considered, they must first either be included in an amended complaint, or filed as a new separate lawsuit.  Clearly, the incidents that occurred after November 23, 2011 (the date Plaintiff filed the instant action), must be brought in a separate suit.  As to the other claims, they may be properly brought in an amended complaint in this action ONLY if they are asserted against one of the remaining Defendants herein (Baker and Cheatham), or if they arise out of the same transaction or occurrence, or series of transactions or occurrences, as the surviving claims herein, and share a common question of law or fact with those surviving claims.  *See* FED. R. CIV. P. 18 (a); 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims belong in different suits).

On July 5, 2012, Plaintiff filed a motion for status (Doc. 16), which is **GRANTED**.  The status of this case is reflected in the instant order.

Plaintiff's motion for a hearing (Doc. 17) concerning his above motion for TRO is **DENIED** without prejudice.

8

On July 10, 2012, Plaintiff filed a motion for leave to file an addendum to his original complaint, adding one "exhibit" to his complaint (Doc. 18). That exhibit is a one-page letter containing the Administrative Review Board's final denial of a grievance over a July 20, 2011, disciplinary report. The incident, which was the subject of that grievance, occurred much later than the incidents that are the subject of the instant complaint. Thus, like the issues Plaintiff attempted to bring up in his motion for TRO, this matter is not properly before the Court. Accordingly, Plaintiff's motion for leave to file an addendum (Doc. 18) is **DENIED** without prejudice. The proposed exhibit, docketed at Doc. 18, page 3, shall be disregarded.

Plaintiff is **ADVISED** that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** fails to state a claim upon which relief can be granted and thus is **DISMISSED** without prejudice. **DEFENDANTS GAETZ, MUELLER, COWAN,** and **RANDLE** are dismissed from this action without prejudice. **COUNTS 1** and **2** shall receive further consideration.

The Clerk of Court shall prepare for Defendants **BAKER** and **CHEATAM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court

documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/9/2012**

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
