IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL No.   11-cv-1043-MJR-SCW |
| ) | |
| M. BAKER and ) | |
| CHEATAM ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Previously, the Court granted Plaintiff's request for counsel and appointed attorney Jennifer Hightower to this case. (Doc. 84). However, due to a conflict of interest, attorney Hightower had to withdraw. (Doc. 97). But because the Court still finds that the circumstances warrant appointment of counsel, the Court will reconsider the issue.

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt*, 503 F.3d at 654.

The circumstances presented in this case warrant recruitment of counsel. *See Santiago*, 599

F.3d at 765 ("The situation here is qualitatively different from typical prison litigation."). First, Plaintiff has shown that he tried to obtain counsel on his own. Moreover, as the Court previously found this case now is at the point where the difficulty of the case exceeds Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt*, 503 F.3d at 655.

Accordingly, the Court **APPOINTS** Attorney Gail Renshaw of the firm Gori, Julian & Associates, P.C. to represent Plaintiff for all further proceedings in this Court only.[1] Attorney Renshaw is encouraged to share her responsibilities with an associate who is also admitted to practice in this district court. Attorney Renshaw shall enter her appearance on or before July 7, 2014.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Renshaw who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent her client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other

---

[1] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1).   If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.   In no event will funds be reimbursed if the expenditure is found to be without a proper basis.   The Court has no authority to pay attorney's fees in this case.   **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by Illinois Department of Corrections at Stateville Correctional Center.   Information about the facility is available at www.idoc.state.il.us.   Counsel may use the Illinois Department of Corrections's videoconferencing system to confer with Plaintiff.   The Court asks the Assistant General assigned to this case to facilitate those arrangements.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Renshaw immediately.

**IT IS SO ORDERED.**

DATED: June 27, 2014.

/s/     Stephen C. Williams
**STEPHEN C. WILLIAMS**
United States Magistrate Judge