**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11–cv–1043–MJR–SCW |
| M. BAKER and | ) |
| CHEATAM, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This § 1983 civil rights case stems from *pro se* Plaintiff's allegations of constitutional deprivations that occurred during his time incarcerated at Menard Correctional Center.[1]  Plaintiff alleges **(1)** Defendants used excessive force against him (in violation of the Eighth Amendment's proscription against cruel and unusual punishments), and **(2)** that they did so in retaliation for Plaintiff's previous naming of Defendant Baker in various administrative grievances (thus violating his First Amendment right of access to the courts).

Defendants filed the instant Motion for Partial Summary Judgment on March 18, 2014.  The motion only addresses Plaintiff's First Amendment retaliation claims.  (Doc. 77).  After receiving several extensions of time, Plaintiff filed a Response on October 17, 2014.  (Doc. 116).  Defendants filed a Reply on October 31, 2014, but because they failed to point to exceptional circumstances justifying the reply, the Court will not consider it.  (Doc. 118).[2]  ***See* SDIL–LR 7.1.**    For the

---

[1] Plaintiff is currently incarcerated at Stateville Correctional Center.

[2] Additionally, Defendants' Reply relies in part on Plaintiff's responses to certain interrogatories to show that Plaintiff has repeatedly limited his claim of retaliation to a grievance filed in 2007.  But Defendants failed to attach the interrogatories as an exhibit, an increasingly common practice with Defendants' counsel.  Though the Court believes the

following reasons, the Court **GRANTS** the Defendants' Motion for Partial Summary Judgment. (Doc. 77).

## SUMMARY JUDGMENT STANDARD

Summary judgment—which is governed by Federal Rule of Procedure 56—is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011) ("**When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings")**. A mere scintilla of evidence supporting the non-movant's position is insufficient to overcome summary judgment; a non-movant will prevail only when it presents definite, competent evidence to rebut the motion. *Estate of Escobedo v. Martin*, 702 F.3d 388, 403 (7th Cir. 2012); *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012). Summary judgment is only appropriate if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Carlisle v. Deere & Co.*, 576 F.3d 649, 653 (7th Cir. 2009).

The Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a

---

interrogatories would have been relevant, failure to attach them is an additional reason why the Court cannot consider the Reply.

genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008).** The Court considers the facts in a light most favorable to the non-movant—here, Plaintiff. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009).**

### FACTUAL BACKGROUND

On December 3, 2009, Defendants Baker and Cheatham—both correctional officers at Menard Correctional Center—escorted Plaintiff to sick call. (Pl.'s Dep. p. 13). As Plaintiff approached the holding cell with Defendants, he saw an allegedly homosexual inmate already in the cell. (Pl.'s Dep. p. 13). Plaintiff deponed he had had problems with that inmate in the past. (Pl.'s Dep. pp. 13-14). The inmate attempted to spit on Plaintiff, who attempted to kick him in return. (Pl.'s Dep. p. 13). The Defendants then closed the door of the holding cell for sick call and began escorting Plaintiff back to his cell. (Pl.'s Dep. p. 15). Plaintiff was cuffed behind his back, and after walking down four stairs was picked up and slammed to the ground by Defendants. (Pl.'s Dep. p. 16). Baker kneed Plaintiff in the jaw, breaking his tooth. (Pl.'s Dep. pp. 16, 23).

Plaintiff filed a grievance and lawsuit against Baker in 2007. (Pl.'s Dep. Pp. 24, 35). He testified that Baker had been harassing him since 2007 for various reasons. (Pl.'s Dep. pp. 24-27, 30-34). Plaintiff testified he has never discussed his grievances with Baker or Cheatham. (Pl.'s Dep. p. 30). Nor have Baker or Cheatham ever brought up Plaintiff's grievances with him. (Pl.'s Dep. p. 34). Defendants have never told Plaintiff to stop filing grievances. (Pl.'s Dep. p. 35).

Baker filed an affidavit in support of his Motion for Summary Judgment. The affidavit states that his is familiar with Plaintiff, but he has never discussed or reviewed Plaintiff's grievances. (Doc. 78-1). He also denies attempting to dissuade Plaintiff from using the grievance process, and denies the retaliation generally. (Doc. 78-1). Likewise, Cheatham filed an affidavit in which he

denies discussing or reviewing Plaintiff's grievances, and denies retaliating against Plaintiff.  (Doc. 78-2).

Plaintiff's Response includes a grievance against Baker dated May 11, 2009.  (Doc. 116-2). The grievance is of poor quality and difficult to read.  (Doc. 116-2).  It is not signed by Plaintiff's counselor and there is no stamp indicating receipt by the grievance officer.  (Doc. 116-2).  Plaintiff's signature is not dated.  (Doc. 116-2).  It also refers to a disciplinary report that is not attached to the grievance.  (Doc. 116-2).

### SUMMARY JUDGMENT ON PLAINTIFF'S RETALIATION CLAIMS

Under the First Amendment, an inmate has a constitutional right to file a grievance as part of his right of access to the courts.  *DeWalt v. Carter*, **224 F.3d 607, 618 (7th Cir. 2000)**. Retaliatory official action violates the Constitution, even if the officer would be otherwise authorized to take that action in the absence of a retaliatory motive.  *Zimmerman v. Tribble*, **226 F.3d 568, 573 (7th Cir. 2000)**.  In a First Amendment case, the burden of proof is split between the parties. *Mays v. Springborn*, **719 F.3d 631, 634 (7th Cir. 2013)** (**citing** *Mt. Healthy Board of Ed. v. Doyle*, **429 U.S. 274 (1977))**.  First, Plaintiff must show that defendant's conduct was sufficient to cause the injury; that is, that protected First Amendment conduct was a motivating factor for taking the retaliatory action.  *Id.* **at 635.**  The burden then shifts to defendant to rebut by showing that the action would have occurred anyway, regardless of improper motive.  *Id.*  The inquiry is a question of fact.  *Ustrak v. Fairman*, **781 F.2d 573, 578 (7th Cir. 1986).**  Evidence that shows that a prisoner did not violate a regulation can show retaliation.  *Hale v. Scott*, **371 F.3d 917, 920 (7th Cir. 2004)**.

Here, Defendants are entitled to summary judgment on Plaintiff's retaliation claims. Plaintiff's Complaint states that Defendants retaliated against him.  That allegation is repeated in a grievance (attached to the Complaint) linking the allegations of retaliatory conduct to a specific,

older grievance that dealt with "chest pains."  During his deposition, Plaintiff testified that he filed

the relevant, retaliation-sparking grievance in 2007; it addressed Baker's failure to get him medical

attention for his asthma attack.

The 2007 grievance cannot support a retaliation claim because of its age: it was filed

approximately two years prior to the events at issue here.  *See Horwitz v. Board of Educ. of*

*Avoca School Dist. No. 37*, **260 F.3d 602, 619 (7th Cir. 2001) (finding that protected speech**

**that occurred 18 months prior to alleged retaliatory conduct under § 1983 was too remote in**

**time to infer retaliation)**.  Further, Plaintiff testified that he neither showed nor discussed his

grievances with Defendants.  Other than a generalized statement that Menard guards tell each other

everything, Plaintiff has submitted no evidence that Baker knew about the 2007 grievance, much less

acted with a retaliatory animus.  The 2007 grievance is not in the record, which makes it impossible

for the Court to assess who may have seen it.  On this record, the 2007 grievance cannot support a

claim for retaliation.

Perhaps anticipating the dearth of connection between the 2007 grievance and the

December 2009 incident, Plaintiff submitted a different grievance entirely.  This Grievance is dated

May 11, 2009, and, giving Plaintiff the benefit of the doubt as to its contents, alludes to another

incident with Defendant Baker.  But there is no indication Plaintiff ever filed this grievance, much

less that Baker was aware of it.  It is not signed by the counselor; Plaintiff did not include a

grievance officer's report; it is not stamped "received."  Plaintiff did not submit an affidavit or other

sworn statement stating that he filed this grievance.  Plaintiff testified that he did not show or

discuss his grievances with the Defendants generally, and Plaintiff submitted no evidence that he did

so with this grievance.  Defendants, on the other hand, swore they were unaware of Plaintiff's

grievances.  Simply put, there is no evidence in this record that any staff, especially Defendants,

knew anything about the purported May 2009 grievance.  Even if they had, the grievance was filed

seven months prior to the alleged incident, and is still too temporally remote to create an inference that the guards were retaliating against Plaintiff for it.  This grievance cannot be the basis of Plaintiff's retaliation claim without some evidence beyond Plaintiff's mere speculation that Defendant knew about it.  *See Good v. Univ. of Chi. Med. Ctr.*, **673 F.3d 670, 675 (7th Cir. 2012) ("[G]uesswork and speculation are not enough to avoid summary judgment.").**

Plaintiff's testified that Defendant Baker does not like him and has been harassing him for years.  And although the Court (as it must) credits Plaintiff's testimony he was calm, cool, and collected at the time of the 2009 use-of-force incident, Plaintiff testified that he was aggressive towards another prisoner moments before the incident.  In light of these two other plausible motivations for the alleged excessive force incident—neither of which would rise to the level of First Amendment retaliation—and because Plaintiff has presented nothing beyond speculation that the Defendants had any knowledge of his protected First Amendment activity, the Court finds that no reasonable jury could conclude that Defendants retaliated against Plaintiff.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (**Doc. 77**) is **GRANTED.**  Plaintiff's First Amendment retaliation claims against Baker and Cheatham are **DISMISSED with prejudice**.  Plaintiff's excessive force claim against Baker and Cheatham remains pending; trial remains set for January 26, 2015.


**IT IS SO ORDERED.**

**DATED: November 21, 2014**


s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
Chief Judge
UNITED STATES DISTRICT COURT